UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICKIE H. [1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00351-SEB-DLP |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner[2], Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Vickie H. requests judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Social Security Disability Insurance ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 423(d), 405(g). For the reasons set forth below, the

---

[1] The Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.

[2] In March 2018, the U.S. Government Accountability Office (GAO) informed the President of its determination that Nancy Berryhill had exceeded the time limit under the Federal Vacancies Reform Act of 1998 (FVRA) allowing her to serve as the Acting Commissioner of the Social Security Administration without the nomination of a successor. *Patterson v. Berryhill*, No. 2:18-cv-193, (W.D. Pa. June 14, 2018) https://www.leagle.com/decision/infdco20180615f26 (last visited Jan. 23, 2019). Accordingly, Ms. Berryhill stepped down as Acting Commissioner and continued to lead the agency from her Deputy Commissioner for Operations title of record. *Id.* However, she has resumed her role as Acting Commissioner after the President's nomination of a potential successor. *Id.*; *see* 5 U.S.C. § 3346(a)(2) (providing that, once a first or second nomination for the office is submitted to the Senate, an acting officer may serve from the date of such nomination for the period the nomination is pending in the Senate); *see also* Daily Digest of the Senate, https://www.govinfo.gov/content/pkg/CREC-2019-01-16/pdf/CREC-2019-01-16-dailydigest.pdf (last visited Jan. 23, 2019) (showing the re-nomination of Andrew Saul on January 16, 2019 as the Commissioner of Social Security). The case caption has been updated to reflect Ms. Berryhill's current official title.

Magistrate Judge recommends that this Court **REVERSE** the ALJ's decision denying the Plaintiff benefits and **REMAND** this matter for further consideration.

## I. Background

### A. Procedural History

On June 12, 2014, Vickie W. filed for disability insurance benefits under Title II of the Act, alleging her disability began on June 3, 2014. The claim was denied initially on September 11, 2014, and upon reconsideration on October 1, 2014. The Plaintiff then filed a written request for a hearing on October 17, 2014, which was granted.

On September 9, 2016, Administrative Law Judge Steven Collins conducted the hearing, where Vickie and a vocational expert testified. On December 27, 2016, the ALJ issued an unfavorable decision finding that the Plaintiff was not disabled as defined in the Act. The Appeals Council denied Vickie's request for review of this decision on August 31, 2017, making the ALJ's decision final. The Plaintiff now seeks judicial review of the Commissioner's decision. *See* 42 U.S.C. § 1383(c)(3).

### B. Factual Background

Vickie was born on February 18, 1955, and was 59 years old at the time of the alleged onset date in 2014. [Dkt. 16-3 at 2 (R. 83).] She completed the eleventh grade of high school [Dkt. 16-6 at 16 (R. 208).]. She has past relevant work history as a classroom aide, cafeteria cook, and office helper. [Dkt. 16-2 at 74-75 (R. 73-74).]

### C. The Hearing

Vickie testified at the administrative hearing on September 9, 2016 that she had past relevant work history as a classroom aide for Parksville Middle School from 1999 to 2003, wherein she worked 8.5 hour days in a special needs classroom. [Dkt. 16-2 at 53-54 (R. 52-53).] That particular job was performed as heavy work, but is classified as light work in the Dictionary of Occupational Titles ("DOT"). [Dkt. 16-2 at 74 (R. 73).] Vickie next worked as a cafeteria cook for Floyd County Schools from August 2003 to January 2014. [Dkt. 16-2 at 48 (R. 47).] The cafeteria work is classified as medium work in the DOT and she performed it as medium work. [Dkt. 16-2 at 74-75 (R. 73-74).] Vickie noted that she had to stand for approximately 6 hours of the 6.5 hour work day as a cafeteria cook. [Dkt. 16-2 at 49 (R. 48).] She further testified that she fell at work in January 2014, which resulting in her receiving Worker's Compensation benefits for a short time. [Dkt. 16-2 at 46-47 (R. 45-46); Dkt. 16-2 at 26 (R. 25).] In March 2014, Vickie was transferred to a different position at a different school, where she did paperwork and copying for the main office but would be sent into the classrooms to assist teachers after she had completed her busywork. [Dkt. 16-2 at 51 (R. 50).] The vocational expert, Sharon Lane, testified that this most recent job that started in March 2014 was a "combination" of an office helper and a teacher's aide. [Dkt. 16-2 at 74 (R. 73).]

## II. STANDARD OF REVIEW

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To meet this definition, a claimant's impairments must be of such severity that she is not able to perform the work she previously engaged in and, based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520. The ALJ must consider whether:

> (1) the claimant is presently [un]employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005) (citation omitted). An affirmative answer to each step leads either to the next step or, at steps three and five, to a finding that the claimant is disabled. 20 C.F.R. § 404.1520; *Briscoe*, 425 F.3d at 352. A negative answer at any point, other than step three, terminates the inquiry and leads to a determination that the claimant is not disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proof through step four. *Briscoe*, 425 F.3d at 352. If the first four steps are met, the burden shifts to the Commissioner at step five. *Id*. The Commissioner must then establish that the

4

claimant—in light of her age, education, job experience and residual functional capacity to work—is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f).

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision. *Rice v. Barnhart,* 384 F.3d 363, 369 (7th Cir. 2004). The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). Thus, the issue before the Court is not whether Plaintiff is disabled, but, rather, whether the ALJ's findings were supported by substantial evidence. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

In this substantial-evidence determination, the Court must consider the entire administrative record but not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nevertheless, the Court must conduct a critical review of the evidence before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); see also *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

When an ALJ denies benefits, he must build an "accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, articulating a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d at 872.

### III. ALJ'S SEQUENTIAL FINDINGS

In determining whether Vickie qualified for disability benefits under the Act, the ALJ went through the five-step analysis required by 20 C.F.R. § 404.1520(a). The ALJ first determined that the Plaintiff met the insured status requirements of the Act through December 31, 2019 and had not engaged in substantial gainful activity since her alleged onset date of June 3, 2014. [Dkt. 16-2 at 21 (R. 20).]

At step two, the ALJ found Plaintiff's severe impairments to include "sciatica, sleep apnea, and status post fracture of the right distal radius with open reduction and internal fixation," along with the non-severe impairments of migraines, non-alcoholic pancreatitis, and reflux. [*Id.*]

As noted above, the third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listings include medical conditions defined by criteria that the

6

SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for a listed impairment, then the claimant is presumptively disabled and qualifies for benefits. 20 C.F.R. § 404.1520(a)(4)(iii). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a Listing, specifically considering Listing 1.02 for major joint dysfunction, Listing 1.04 for disorders of the spine, and Listing 3.00P for sleep-related breathing disorders. [Dkt. 16-2 at 23-24 (R. at 22-23).]

At the fourth step of the five-step sequential evaluation process, the ALJ weighed the medical evidence, the vocational expert's testimony, and Vickie's testimony and work history, and determined that the Plaintiff had the RFC to perform a range of light work, except with the limitations that she:

- can occasionally lift and/or carry up to 20 pounds and frequently lift and/or carry up to 10 pounds;

- can sit for six hours of an eight-hour workday;

- can stand and/or walk for six hours of an eight-hour workday;

- can occasionally climb ramps, stairs, ladders, ropes, and scaffolds;

- can occasionally stoop;

- can occasionally push and pull with the right upper extremity;

- can frequently handle, feel, and finger with the right upper extremity; and

- should avoid concentrated exposure to hazards and vibration.

[Dkt. 16-2 at 24-25 (R. 23-24).] Based on her RFC, the ALJ determined that Vickie cannot perform her past relevant work as a cafeteria cook or a classroom aide, but that she is capable of performing her past relevant work as an office helper. [Dkt. 16-2 at 30 (R. 29).] Based on these findings, the ALJ concluded that Vickie is not disabled under the Act. [*Id.*]

## IV. DISCUSSION

Plaintiff presents one sole argument here: that the ALJ erred in concluding that Vickie could return to her work as an office helper. She argues that her role of office helper was performed as part of a composite job, which requires a different step-four analysis by the ALJ in determining whether the claimant can return to past relevant work.

In determining whether a claimant can perform his or her past relevant work, the ALJ may be able to rely on a generic job description in the DOT. There are instances, however, in which the claimant's job has no precise counterpart in the DOT. *Michalski v. Berryhill*, No. 16-C-1590, 2017 WL 4081905, at *5 (E.D. Wis. Sept. 14, 2017). Social Security Ruling 82-61 advises that "composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." *See Wiggins v. Colvin*, No. 12-CV-938417, 2015 WL 2398478, at *5 (N.D. Ill. May 18, 2015) ("Because by definition a composite job will have no DOT counterpart, the ALJ may rely on evidence provided by a vocational expert to explain the nature of the claimant's past relevant work.").

"When confronted with such a situation, the ALJ cannot simply take a composite job, divide it into its two component jobs, and find that the claimant can return to the less strenuous of the two." *Michalski*, 2017 WL 4081905, at *5 (citing *Wiggins*, 2015 WL 2398478, at *5). Nor may the ALJ rely on vocational expert testimony that is based only on the DOT as a source of information, for that is no different than relying on the DOT itself. *Id*. "Instead, as the agency's Program Operations Manual ("POMS") explains, because a composite job does not have a DOT counterpart, the ALJ will not evaluate it at the part of step four considering work 'as generally performed.' And, when comparing the claimant's RFC to a composite job as the claimant performed it, the ALJ will find the claimant capable of performing the composite job only if he can perform all parts of that job." *See Cheatham v. Berryhill*, No. 15-cv-1382, 2017 WL 553012, at *6-7 (S.D. Ill. Feb. 10, 2017) (citing POMS DI 25005.020).

In *Cabaniss v. Colvin*, No. 13 CV 4244, 2014 WL 7450435 (N.D. Ill. Dec. 30, 2014), there was no explicit discussion during the hearing or in the ALJ's decision about whether the claimant's job was composite. At the hearing, however, the claimant provided a description of his job duties that was sufficient to alert the ALJ as to the possibility of it being a composite job. *Id* at *12. Therefore, the court found that the ALJ's opinion was not supported by substantial evidence and remanded the case with instructions for the ALJ to consider both parts of the claimant's composite job. *Id*.

Here, Vickie testified that her past relevant work encompassed both the duties of a classroom aide and of an office helper. Vickie further testified that her main role was light paperwork, but that she would be sent into classrooms to help teachers with whatever they needed when there was no more paperwork for her to do. [Dkt. 16-2 at 51-53 (R. at 50-52).] As in *Cabaniss*, the ALJ here failed to discuss in his opinion whether Vickie's job was composite.

In *Garcia v. Colvin*, No. 12-C-4191, 2013 WL 3321509 (N.D. Ill. June 28, 2013, a vocational expert specifically testified that the claimant's past relevant work was composite, encompassing the work of an inspector and a machine packager, which supported a finding that the position was, in fact, composite. The ALJ ignored that testimony and described the claimant's past relevant work as two separate positions. *Id* at *11. The Court determined that the ALJ may not separate a composite job into two separate jobs and find the claimant capable of performing the less demanding of the two. *Id*.

Here, as in *Garcia*, the vocational expert explicitly testified that Vickie's last position was a combination job, which supports a finding that the position was composite. The vocational expert stated as follows: "Yes, her most recent work is a combination. She worked as an office helper and as a teacher's aide." [Dkt. 16-2 at 74 (R. 73).] The ALJ even asked a follow-up question on this topic: "Q: The classroom aide/teacher's aide, your testimony is that was part of the most recent job that she had as part of an office helper? A: Yes." [Dkt. 16-2 at 75 (R. 74).]

10

The Commissioner argues that when responding to a hypothetical question posed by the ALJ, the vocational expert characterized Vickie's job as an office helper. The Commissioner argues that Vickie's failure to challenge the vocational expert regarding this testimony at the hearing precludes her from establishing that her past relevant work was a composite job. The Seventh Circuit has held that where a plaintiff fails to identify a conflict at a hearing, she cannot demonstrate error, unless the conflict was "obvious enough that the ALJ should have picked up on it without any assistance." *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (internal citations omitted).

At the very least, both Vickie's and the vocational expert's testimony was enough to alert the ALJ that his opinion needed to evaluate whether Vickie's position was composite, rather than ignore the issue entirely. Federal courts have come to the conclusion that remand is appropriate where testimony during the hearing should have alerted the ALJ that the claimant's past work is made up of more than one job. *Kimberly L.D. v. Commissioner of Social Security*, No. 18-cv-890-CJP, 2019 WL 247411 (S.D. Ill. Jan. 17, 2019); *Barnett v. Colvin*, No. 13-cv-781-CJP, 2014 WL 7450077, at *6–*7 (S.D. Ill. Dec. 30, 2014); *Michalski v. Berryhill*, No. 16-C-1590, 2017 WL 4081905, at *5 (E.D. Wis. Sept. 14, 2017); *Cabaniss v. Colvin*, No. 13 CV 4244, 2014 WL 7450435 at *12 (N.D. Ill. Dec. 30, 2014); *Lipke v. Astrue*, 575 F. Supp. 2d 970, 983 (W.D. Wis. 2007). Moreover, based on the testimony by the vocational expert and the claimant, which demonstrated evidence that Vickie's past relevant work possibly constituted a composite job, "it was

11

incumbent for the ALJ to identify the conflicts and resolve them before finding that plaintiff performed a particular job." *Kimberly*, 2019 WL 247411 at *5.

As stated previously, although an ALJ is not required "to address in writing every piece of evidence or testimony presented, he was required to provide 'an accurate and logical bridge' between the evidence and his conclusions." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008; *Magee v. Astrue*, 1:07-cv-438-DFH-TAB, 2008 WL 1836687 (S.D. Ind. Apr. 23, 2008) (upholding the ALJ's decision when neither the vocational expert nor the claimant put the ALJ on notice of the possibility of a composite job). The ALJ did not address the issue of whether Vickie's past relevant work is a composite job and, therefore, did not create a logical bridge between the evidence and his conclusions.

Finally, "a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits," meaning that all the factual issues have been resolved and the fully-developed "record can yield but one supportable conclusion." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). The factual issue of whether the claimant's past relevant work is a composite job remains and, therefore, a remand for an award of benefits is not appropriate at this time.

## V. Conclusion

For the reasons detailed herein, the Magistrate Judge recommends that this Court **REVERSE** the ALJ's decision denying Plaintiff benefits and **REMAND** this

matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) as detailed above.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. §636(b)(1). Failure to timely file objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

Date: 3/1/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Elizabeth Ashley Coleman
SULLIVAN LAW OFFICE
elizabethc@slodisability.com

REGINA S. EDWARDS
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

L. JAY GILBERT
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov